**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNIQUE INSURANCE COMPANY, as subrogee of Tangela Snead, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 07 C 3658 |
| v. | ) ) | Wayne R. Andersen |
| ANDRE LINEAR, EARNEST J. SCOTT, and the UNITED STATES OF AMERICA, | ) ) ) | District Judge |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Unique Insurance Company brings this action against defendants Andre Linear, Earnest J. Scott ("Scott"), and the United States of America (the "United States") alleging negligence by federal employee Scott. The United States, on behalf of its employee, Scott, have filed a motion to dismiss this common law tort claim pursuant to FED.R.CIV.P. 12(b)(1). For the following reasons, defendant United States' motion to dismiss is granted.

## BACKGROUND

On April 6, 2006, plaintiff's insured, Tangela Snead ("Snead"), was involved in a three-car collision. Snead owned and operated one of the vehicles involved in the collision. The second vehicle was owned and operated by defendant Andre Linear. The third vehicle was owned by defendant United States, though it was being operated by defendant Scott, who was a Navy recruiter acting within the scope of his military duties at the time of the accident. Plaintiff's complaint alleges that Scott's negligent driving led to the collision.

On July 18, 2006, plaintiff filed a federal tort claim with the Navy alleging damages to Snead's car in the sum of $3,091.89. On September 28, 2006, the Navy, by certified mail, sent

notice of final denial of the claim to plaintiff. The Navy's notice stated that, pursuant to the Federal Tort Claims Act ("FTCA"), plaintiff had six months from the date of mailing the notice to file suit in the appropriate federal district court. On May 24, 2007, plaintiff filed this suit against defendants Linear, Scott, and the United States in the Circuit Court of Cook County, Illinois. Defendant United States removed this action to federal court on June 29, 2007 pursuant to 28 U.S.C. § 2679. The United States now moves to dismiss pursuant to FED.R.CIV.P. 12(b)(1), claiming that this court lacks subject matter jurisdiction over this suit because plaintiff failed to comply with the time requirements of 28 U.S.C. § 2401(b).

## DISCUSSION

The standard of review for a Rule 12(b)(1) motion to dismiss depends upon the purpose of the motion. *See Freiburger v. Emery Air Charter*, 795 F. Supp. 253, 256 (N.D. Ill. 1992). If the motion merely challenges the sufficiency of the allegations of subject matter jurisdiction, then the court must accept as true all well-pleaded factual allegations and construe them favorably to the pleader. *Rueth v. United States EPA*, 13 F.3d 227, 229 (7th Cir. 1993). However, if the motion denies the truth of the allegations, the court may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993). Dismissal is proper if it appears beyond doubt that the plaintiff cannot prove any set of facts consistent with the pleadings that would entitle him to the relief requested. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In its motion to dismiss, the United States argues that plaintiff's complaint should be dismissed as to the federal defendants because it is barred by the statute of limitations for tort

2

actions against the United States contained in Section 2401(b) of the FTCA. That section provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) (2007). The United States sent its final denial of Unique's claim via certified mail to plaintiff on September 28, 2006. That notice informed plaintiff that plaintiff had six months—until March 28, 2007—to file an action for damages against the United States. Because plaintiff did not file its action until May 24, 2007, the United States asserts that this suit is untimely as to the federal defendants under the FTCA.

In its response, plaintiff does not dispute that it failed to file this suit within six months of the United States' final denial of plaintiff's claim, but rather asserts that this suit is timely under the FTCA because plaintiff met one of the two claim limitations periods contained in Section 2401(b)—the one requiring filing of the administrative claim within two years of the collision. Specifically, plaintiff argues, without supporting legal authority, that its claim is not time-barred because Section 2401(b)'s claim limitations requirements are satisfied if only one of the filing requirements is met. In other words, plaintiff asserts that the "or" in Section 2401(b) is disjunctive, and that a person can prevail if she satisfies either filing condition provided in that section.

The federal courts have addressed and rejected the argument raised here by plaintiff. In *Schuler v. United States*, the District of Columbia Circuit found that Section 2401(b)

3

> requires the claimant both to file the claim with the agency within two years after accrual of the claim and then to file a complaint in the District Court within six months after the agency denies the claim. Were we to read the 'or' in the section as really intending the disjunctive, a claimant who filed a claim with the agency within two years would then be able to bring it to a District Court at any remote future time after the agency denied him relief. The only possible limit on such an action would be the preceding subsection, 28 U.S.C. § 2401(a), which establishes a general six-year statute of limitations for claims against the United States. But relying on that provision makes little sense, since it was clearly intended as a general statute of limitations, to be superseded for tort claims by the highly specific language of Section 2401(b).

*Schuler v. United States*, 628 F.2d 199, 201 (D.C. Cir. 1980). This interpretation of Section 2401(b) has been uniformly followed in subsequent cases and there is no legal precedent for holding otherwise. *See, e.g., Franklin Sav. Corp. v. United States*, 385 F.3d 1279, 1287 (10th Cir. 2004); *Willis v. United States*, 719 F.2d 608 (2d Cir. 1983); *State Farm Ins. Co. v. United States*, 6 F. Supp. 2d 985, 986-87 (N.D. Ill. 1998).

Following *Schuler* and its progeny, we find that plaintiff's claim against the federal defendants is time-barred by Section 2401(b) because plaintiff failed to file this suit within six months of the United States' final denial of plaintiff's claim. Therefore, this court lacks subject matter jurisdiction over any of plaintiff's claims under the FTCA. Accordingly, the United States' motion to dismiss is granted as to the federal defendants.

## **CONCLUSION**

For the foregoing reasons, defendant United States of America's motion to dismiss [4] for lack of subject matter jurisdiction is granted with regards to the federal defendants. This case is remanded to the Circuit Court of Cook County, Illinois so that plaintiff may continue its action against defendant Andre Linear.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: October 10, 2007